UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER PEREZ,

       Petitioner,

v.                                                                          Case No.    2:26-cv-2028-SPC-NPM

WARDEN, FLORIDA SOFT
SIDE SOUTH DETENTION
CENTER, et al.,

       Respondents.

_____/

## OPINION AND ORDER

Before the Court are Petitioner Javier Perez's petition for writ of habeas corpus (Doc. 1) and the government's response to the petition (Doc. 9). For the reasons explained below, the Court dismisses the petition as premature.

### I.    Background

Perez  is a citizen of Cuba who entered the United States on September 8, 2005.  (Doc. 8 at 1). In May of 2024, he was convicted of several drug-related offenses. (Doc. 8 at 2; Doc. 8-1 at 2). Thereafter he was taken into Immigration and Customs Enforcement (ICE) custody and served with a notice to appear on January 1, 2026. (Doc. 8 at 2). An immigration judge ordered his removal to Cuba on March 9, 2026, and the order became final on April 8, 2026. (Doc. 8 at 2; Doc. 8-1 at 5–10).

## II.   Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

Perez appears to argue that he is entitled to release under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because there is no significant likelihood of removal in the reasonably foreseeable future. (*See* Doc. 1 at 6–7). In *Zadvydas*, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id.* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* If, after 180 days, the noncitizen provides "good reason to believe that there is no significant

likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. *Id.* [1]

Perez's order of removal was not final until April 8, 2026. When he filed his petition, Perez had been in post-removal custody for only 64 days. Thus, the mandatory detention period had not yet expired. Moreover, the presumptively reasonable detention period will not expire until October 5, 2026. The Court dismisses Perez's habeas petition without prejudice as premature. If he is still in custody at the expiration of the 180-day period, he may file a new petition, accompanied by the requisite filing fee or motion to proceed *in forma pauperis*.

Accordingly, it is **ORDERED:**

1.      Javier Perez's petition for writ of habeas corpus (Doc. 1) is **DISMISSED without prejudice** as premature.

2.      The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on July 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties or Record

---

[1] *See also Clark v. Martinez,* 543 U.S. 371 (2005) (extending the *Zadvydas* holding to inadmissible aliens as a matter of statutory interpretation).